UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

<table>
<tr><td>UNITED STATES OF AMERICA,<br><i>Plaintiff-Appellee,</i><br><br>v.<br><br>WINFREE BONNER, JR., a/k/a Stinka,<br><i>Defendant-Appellant.</i></td><td>No. 02-4768</td></tr>
</table>

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CR-02-120)

Submitted: February 20, 2003

Decided: March 3, 2003

Before LUTTIG, MOTZ, and GREGORY, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

**COUNSEL**

Reuben V. Greene, ROBERT WALKER & ASSOCIATES, Richmond, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Stephen W. Miller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Winfree Bonner, Jr., pled guilty to possession with intent to distribute cocaine and was sentenced to 150 months' imprisonment. Bonner's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Counsel states that there are no meritorious grounds for appeal but raises an issue regarding Bonner's career offender enhancement. Bonner has filed his own supplemental brief in which he contends that he received ineffective assistance of counsel at sentencing. In accordance with the requirements of *Anders*, we have considered the briefs on appeal and examined the entire record for meritorious issues. We find no error and dismiss.

The record on appeal discloses that Bonner waived his right to appeal in his plea agreement. This court reviews the validity of a waiver of appellate rights de novo. *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992). At his Fed. R. Crim. P. 11 hearing, Bonner was fully advised of the consequences of his plea, and he represented to the court that he understood the plea agreement, the charge to which he was pleading guilty, and the possible penalties he faced at sentencing. Bonner further stated during the Rule 11 hearing that he fully understood the waiver of his right to appeal his sentence. We therefore find the plea agreement valid and enforceable. Because Bonner validly waived his right to appeal and because his sentence does not exceed the statutory maximum, we decline to address the issues raised in counsel's *Anders* brief and in Bonner's pro se supplemental brief.

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*